CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 28 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 5:09CR00025 |
| v. | ) |
| | ) MEMORANDUM OPINION |
| LEANDER LEE KELSEY, JR. | ) |
| | ) By: Samuel G. Wilson |
| Defendant. | ) United States District Judge |

Petitioner, Leander Lee Kelsey, Jr., filed this 28 U.S.C. § 2255 motion challenging his sentence for conspiring to distribute 50 grams or more of cocaine base. Kelsey claims that counsel provided ineffective assistance by failing to request a jury instruction as to a lesser included offense and by failing to file an appeal upon Kelsey's request. The government filed a motion to dismiss, and Kelsey responded. On the existing record, the court is unable to resolve Kelsey's claims and, therefore, refers the matter to the Magistrate Judge for an evidentiary hearing.

I.

On June 18, 2009, Kelsey was indicted in this court and charged with conspiring to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846. Kelsey pleaded not guilty, was tried before a jury on November 2, 2009, and found guilty. The court ultimately sentenced Kelsey to a total of 120 months incarceration. Kelsey did not appeal.

## II.

Kelsey alleges that after sentencing, he was unable to contact his attorney by telephone, so his mother instructed the attorney, at Kelsey's request and within the appeal period, to file a notice of appeal and counsel refused to do so until he was fully paid for services already rendered. The government moves to dismiss this claim, but has not supported the motion with an affidavit by trial counsel. "An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective." United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000) (citing Roe v. Flores-Ortega, 528 U.S. 470 (2000)). The aggrieved inmate need only show "that (1) counsel was ineffective and (2) but for counsel's ineffectiveness, an appeal would have been filed." Id. The inmate need not show a reasonable probability of success on appeal. See id. The court finds it appropriate to require further development of the record before addressing this claim.

## III.

Kelsey also alleges that counsel should have asked the court to instruct jurors that they could find Kelsey guilty of a lesser included offense of conspiracy to distribute five grams or more of cocaine base. The government moves to dismiss this claim on the ground that counsel's decision not to request such an instruction was a reasonable strategic decision in furtherance of Kelsey's defense that he was innocent of involvement in the drug trade. The government fails to support this argument with an affidavit from counsel, however, and the defendant did not testify at trial. "Tactical or reasonable professional judgments are not deficient but a failure to investigate a material matter due to inattention may be deficient." Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009). On the existing record, the court cannot resolve Kelsey's jury instruction claim and, therefore, refers the case for an evidentiary hearing.

IV.

For the reasons stated herein, the court refers the matter to United States Magistrate Judge Michael F. Urbanski for an evidentiary hearing on Kelsey's ineffective assistance claims.

ENTER: This 28th day of April, 2011.

United States District Judge