# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 5:09cr00025-1 |
| v. | **REPORT AND RECOMMENDATION** |
| LEANDER LEE KELSEY, JR., | By: Hon. James G. Welsh |
| *Defendant- Petitioner* | U.S. States Magistrate Judge |

Alleging that he was provided ineffective assistance of counsel in violation of his Sixth Amendment rights, there is presently pending and ready for resolution a motion of Defendant-Petitioner, Leander Lee Kelsey, Jr., seeking to have his conviction vacated due to the alleged failures of his counsel to file a timely notice of appeal and to request a lesser included offense jury instruction. In accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B) this case was referred to the undersigned for the purpose of conducting an evidentiary hearing and preparing a report and recommendation. (Docket # 122)

Pursuant to the referral, an evidentiary hearing was held on September 14, 2011. Defendant-Petitioner participated in the hearing and was at all time present by video conferencing. He was represented by Frederick T. Heblick, Assistant Federal Public Defender. The United States was represented by Jeb. T. Terrien, Assistant United States Attorney. Defendant-Petitioner and his mother, Virginia Perry Aldridge, testified in support of the motion. His trial counsel, David A. Downes, testified in opposition to the motion.

## Background

On June 18, 2009 a grand Jury returned an indictment charging Defendant-Petitioner in Count One with participation in a criminal conspiracy to distribute fifty (50) grams or more of a mixture or substance containing a detectable of cocaine base (also known as "crack cocaine"), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), all in violation of 21 U.S.C. § 846. (Docket # 1) Defendant-Petitioner entered a plea of not guilty. (Docket # 38) He was tried before a jury on November 2, 2009 and found guilty. (Docket # 81) On February 17, 2010 the defendant was sentenced to a total of 120 months incarceration. (Docket # 97) No notice of appeal was filed.

## Summary

Based on the record and hearing testimony, the undersigned concludes that defense counsel's decision not to request a lesser included offense instruction was a strategic decision falling within the range of reasonable professional assistance; however, defense counsel's advice and discussions with the defendant-petitioner and his mother did not constitute a minimally adequate consultation sufficient to inform him of the advantages and disadvantages of an appeal, and defense counsel also failed to make a timely determination of whether he wanted to appeal. Therefore, the undersigned RECOMMENDS that defendant-petitioner is entitled to relief under § 2255.

## Standard of Review

Title 28 of the United States Code, § 2255 provides a prisoner sentenced by a federal court with a procedural means to challenge the constitutional and jurisdictional validity of his sentence. Under sub-section 2255(a) a prisoner in federal custody may attack his sentence on the

following grounds: (1) his sentence violates the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. To prevail under section 2255, therefore, the defendant-petitioner must show by a preponderance of the evidence that he is entitled to relief. *Miller v. United States*, 261 F.2$^d$ 546, 547 (4th Cir. 1958). And if he is successful in making that showing, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

**Testimony**

In support of his § 2255 petition the defendant-petitioner testified that his sentencing hearing was held on February 17, 2010, during the course of which his right of appeal was discussed in some detail as accurately set forth in the sentencing hearing transcript (Docket # 101, pp. 7-8). He acknowledged that at the time of sentencing he was undecided about appealing his conviction, and he testified that this indecision was because he had not spoken to his mother and he did not know whether he would have the money to pay for an appeal. Later the same day he spoke to his mother by telephone, and they decided it would be best to appeal; however, on that occasion they did not discuss directly her willingness to pay the full costs of an appeal.

After talking to his mother, the defendant-petitioner testified that he had tried over the "next couple of days" without success to reach his attorney. These were collect telephone calls from the local jail. His attorney's office would not (or did not) accept any of these calls, and he was unable to leave any message. Consequently, he contacted his mother and asked her to contact his attorney and have the attorney note the appeal. "Around four days after" sentencing,

3

his mother told him that she had been successful in reaching Mr. Downes, and she had asked him to note the appeal.

When asked about any trial strategy discussions with his attorney, the defendant-petitioner testified they had talked about the trial process, including jury selection and the jury charge; however, he stated that they had never talked about any "lesser offense," and he only learned about a "lesser included offense" while he has been incarcerated.

Ms. Virginia P. Aldridge testified that she is the defendant-petitioner's mother; she is an employee of the Department of the Navy, and she lives in Elkridge, MD. She was not present for her son's sentencing, because "[she] was never told." After her son called to tell her about his ten-year sentence, she called Mr. Downes and spoke to him that same evening. At the time she was "upset' about her son's conviction and sentence. Mr. Downes was also "upset," and he "encouraged" an appeal.

After her son was unsuccessful in reaching Mr. Downes, she called his office and left a call-back request. During a return telephone call on the seventh day following her son's sentencing, she told Mr. Downes that her son wanted an appeal notice filed. It was her further testimony that Mr. Downes said he would note the appeal, but he would not prosecute it without payment of an additional fee. During the same telephone call, Mr. Downes told Ms. Aldridge that her son still owed money for his work through the trial; however, she had paid Mr. Downes all that he had requested, and since then she has never received any bills from Mr. Downes' office.

Testifying for the government in opposition to the § 2255 motion, David A. Downes stated that he had been privately retained to represent the defendant-petitioner at trial. He recalls no pretrial discussion with his client concerning any possible appeal, because "the focus was on the trial." After a "long trial day" resulting in the defendant-petitioner's conviction, he did mention the possibility of appealing to Ms. Aldridge; however, it was in the context of his belief that his client needed to focus on any possibility of obtaining a reduced sentence for substantial assistance under U.S.S.G. § 5K1.1. In his view, the case had been fairly tried, and he was aware of no reversible error. Consequently, appeal was never his focus during any of his post-trial discussions with his client or with Ms. Aldridge. According to Mr. Downes, it was consistent with this focus that he accurately represented to the presiding judge during the sentencing that he had "asked" his client if the desired to appeal and that his client his client had not "communicated . . . at this point" such a desire.

Asked about any post-sentencing telephone conversations with Ms. Aldridge, Mr. Downes testified that he had spoken to her by telephone on "more than two, but less than five" times; however, he "[could] not say when," and he had no office notes or records of any of these calls. It was his recollection that their discussions were focused on the possibility of a Rule 35(b) departure. He testified that he did not recall ever discussing the issue of appeal with Ms. Aldridge, and if she had asked he stated that he would have noted an appeal.

As previously noted, Defendant-Petitioner was charged with participating in a criminal conspiracy to distribute fifty (50) or more grams of "crack" cocaine. The offense was alleged to have occurred from on or about October 1, 2008 through February 20, 2009. *Inter alia,* Mr. Downes also testified that the decision not to request a lesser included offense instruction was

5

based on his client's "trial strategy of espousing complete innocence." Based on evidence suggesting his client's limited period of participation in the alleged conspiracy and direct evidence of his client's association with only a single small "controlled buy," Mr. Downes, viewed a simple "it was not him" defense to offer the best possibility of an acquittal. Moreover, he felt the testimony of a cooperating witness (a codefendant) that he had received multiple deliveries of crack cocaine from the defendant-petitioner totaling in excess of 450 grams, would mean, if convicted of any level of participation in the conspiracy, his client faced a guideline range for imprisonment of 121 to 151 months. U.S.S.G., Chapter 5, Part A; U.S.S.G. §2D.1.1(c)(4) (based 450 grams of cocaine base, a total offense level of 32 and a criminal history category of I).

## Analysis

The Sixth Amendment establishes that a person charged with a crime is entitled to effective representation, at every critical stage of the proceedings against him. *Strickland v. Washington*, 466 U.S. 668, 685-686 (1984); *Kirby v. Illinois*, 406 U.S. 682, 690 (1972). In its consideration of whether a petitioner's Sixth Amendment rights were violated due to ineffective assistance of counsel, a "reviewing court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. 689; *see United States v. Dvess*, 478 F. 3$^d$ 224, 238 (4th Cir. 2007) ("in addressing ineffective assistance of counsel challenges, this court presumes that the defendant's counsel rendered objectively effective performance.").

A petitioner who alleges ineffective assistance of counsel as grounds for his § 2255 petition must prove, therefore, that (1) his counsel's performance was deficient and (2) his

counsel's deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687-688. To satisfy the first prong of this test, the petitioner must show that the representation fell below an objective standard of reasonableness measured by prevailing professional norms." *Lewis v. Wheeler*, 609 F.3d 291, 301 (4thCir. 2010) (quoting *Strickland*, 466 U.S. at 688). To satisfy the second prong of this test the petitioner must show that counsel's errors were serious enough to deprive the petitioner of a fair trial. *Strickland*, 466 U.S. at 687.

In short, for Defendant-Petitioner's § 2255 motion to succeed *Strickland* requires him to demonstrate that "there is a reasonable probability that, but for [his] counsel's unprofessional errors, the result of that proceeding would have been different, but "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Additionally, *Strickland* instructs that a court's review of an attorney's representation must be "on the facts of the particular case viewed at of the time of counsel's conduct." *Id*. at 690.

### A. Inadequate Appeal Advice and Consultation

To demonstrate ineffective assistance of counsel on the basis of defense counsel's failure to file a notice of appeal, the defendant-petitioner must show that his attorney's deficiently performed what is in effect a ministerial task and that a reasonable probability exists that, but for counsel's deficient performance, the defendant-petitioner would have timely appealed. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-477, 484 and 486 (2000). Counsel's performance, therefore, is deficient if he either disregards his client's wishes concerning filing an appeal or if he fails to consult with his client on the matter when counsel has a constitutionally imposed duty to do so. *Id*. at 477-478.

While it is true the defendant-petitioner's trial counsel "note[d] for the record" at the time of sentencing that he had "asked [his] client if he desires to appeal," that same record also shows that his client's was considering an appeal and was at that time undecided. (Docket #122, p. 8). Given that obvious indecision, the recent Fourth Circuit decision in *United States v. Malone*, 2011 U.S. App. LEXIS 17061 (4th Cir., Aug. 16, 2011) instructs that it is defense counsel's affirmative obligation to consult, to "advis[e] the defendant about the advantages and disadvantaged of taking an appeal, and [to make] a reasonable effort to discover the defendant's wishes." *Id.* at *3 (quoting *Roe v. Flores-Ortega* at 478).

Irrespective of whether defense counsel was in fact directed either by his client or by his client's mother to note an appeal, he was on notice that the defendant-petitioner was considering and had some interest in an appeal. With that notice, defense counsel had an affirmative duty to consult with the defendant-petitioner concerning the advantages and disadvantages of filing an appeal, even if "it is debatable whether a rational defendant would want to pursue an appeal given the facts of this case." *Id.* at *4. The evidence shows that defense counsel failed to fulfill this duty to consult and to advise. Likewise, it shows that he failed to fulfill his affirmative duty to consult and to make a timely determination whether his client did or did not want to appeal.

### B. Failure to Request Lesser Included Offense Instruction

The defendant-petitioner's second ineffective assistance of counsel claim alleges that his trial counsel acted unreasonably in failing to seek a "lesser included" instruction. For the reasons outlined in his testimony, trial counsel's decision not to seek a lesser included instruction was both rationally based and a reasonable part of his defense strategy in this case. As he indicated to the court, his strategy was to minimize his client's involvement and to seek to obtain an outright

acquittal. *See Washington v. United States*, 291 F.Supp.2d 418, 442 (WDVa. 2003) (held that a failure to seek a lesser included instruction on simple possession of cocaine was not ineffective assistance in case concerning possession with intent to distribute, where counsel made a strategic decision to pursue an "all-or-nothing" strategy). Had Defendant-Petitioner's attorney sought a lesser included instruction, it may well have effectively presented the jury with two rather inconsistent scenarios: the "it was him" defense, and the "but if it was him, he was not involved to the extent of fifty grams." Moreover, as his attorney was correctly aware the defendant-petitioner's conviction of involvement in the conspiracy at any level of participation would (and ultimately did) subject him to a Guideline sentence in excess of 120 months. Without question, therefore, Mr. Downes was not ineffective in choosing to pursue an "it was not him" defense and seek to obtain his client's outright acquittal in this case.

### Proposed Findings

Supplementing the above procedural events and discussion, based on the record and testimony given at the evidentiary hearing, the following findings of fact are made:

1. Defense counsel was not ineffective in choosing to pursue an "it was not him" defense and seek to obtain his client's outright acquittal;

2. Defendant-Petitioner expressed an interest in appealing his conviction;

3. Defendant-Petitioner unsuccessfully attempted to contact his attorney about appealing his case;

4. Defendant-Petitioner had his mother contact his attorney about an appealing his case;

5. Defendant-Petitioner was prejudiced by his attorney's failure to consult;

6. Defendant-Petitioner was prejudiced by his attorney's failure to make a timely determination whether Defendant-Petitioner wanted to appeal;

7. Defense counsel rendered ineffective assistance with respect to the filing of a notice of appeal, his failure to consult, and his failure to make a timely determination whether his client wanted to appeal; and

8. The defendant-petitioner's sentence should be vacated, his sentence re-entered, and he be allowed to seek direct review.

## Recommended Disposition

For the foregoing reasons, the undersigned RECOMMENDS that an order be entered VACATING the defendant-petitioner's sentence, RE-ENTERING his sentence, ALLOWING him to seek direct review, and DISMISSING his remaining claim.

## Notice to the Parties

Both sides are reminded that pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned to which an objection is not specifically made within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitals or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objections.

DATED: this 14th day of October 2011

/s/ *James G. Welsh*
United States Magistrate Judge